469 A.2d 597

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**June FAVA, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1983.

Decided Dec. 30, 1983.

Ann I. Keck, Asst. Dist. Atty., for appellant.

Richard J. Orloski, Allentown, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

This is an appeal by the Commonwealth challenging the Superior Court's reversal of the Court of Common Pleas of Lehigh County's refusal to grant Appellee's Motion for a New Trial and/or in Arrest of Judgment.

The primary basis relied on by the lower court in refusing to grant Appellee a new trial was that her motion for a writ of habeas corpus ad testificandum, which was denied, would serve no purpose since the witness to be called would plead the Fifth Amendment and was thus barred from being called.

Our review of the record is in accord with that of the Superior Court, and we therefore affirm that court's decision.

The relevant facts are as follows:

Appellee was being tried on charges that she sold four packets of phencyclidine (PCP), a controlled substance, to one Tony Jaindl. Jaindl was purchasing the PCP for one Daniel Licklider, whom Jaindl had just met. Unbeknownst to Jaindl, Licklider was an agent of the Pennsylvania Department of Justice, Bureau of Drug Control. Jaindl turned the PCP over to Licklider and at some time subsequent to the buy was arrested for that and other buys. Pursuant to a plea bargain, Jaindl became a witness for the Commonwealth. His testimony proved most incriminating at Appellee's trial since Appellee's defense was based on the fact that *someone else* had sold the drugs in question.

During cross-examination of Jaindl, defense counsel elicited testimony that Jaindl knew one Guy Camioni but had never bought drugs from him. Following this disclosure, the Commonwealth's attorney, accompanied by Agent Licklider, went to the Lehigh County Prison and interviewed Camioni. On the next day of trial, defense counsel requested a conference with the court in chambers to discuss the possible exculpatory information the Commonwealth had obtained from the interview of Camioni. During this conference, it was learned that Camioni had, in fact, admitted he had sold marijuana to Jaindl on at least one occasion. When asked what his testimony would be if he was called as a witness in Appellee's trial, there is some confusion as to his actual response. The Commonwealth's attorney indicated Mr. Camioni *would* invoke his Fifth Amendment privilege (N.T. 334), while Agent Licklider related Camioni's response as "I *could* take the Fifth...." (N.T. 342)

Following these disclosures, the trial court denied Appellee's request to bring Mr. Camioni over to chambers so that he might be interviewed and possibly called as a witness on behalf of the Appellee.

 While we have consistently held that a witness may not be called to testify when it is known that *he will* invoke his Fifth Amendment privilege against self-incrimination, *Commonwealth v. Tann,* 500 Pa. 593, 459 A.2d 322 (1983), *Commonwealth v. Davenport,* 453 Pa. 235, 308 A.2d 85 (1973), *Commonwealth v. Greene,* 445 Pa. 228, 285 A.2d 865 (1971), it was never intended that the rule apply where the basis for excluding the witness is the *probability* that the privilege will be invoked. In the instant case, the trial court refused to allow the writ of habeas corpus ad testificandum to issue based solely on the remarks of the Commonwealth's attorney that Camioni would invoke the privilege. Our review of these remarks indicates they were of a general nature and were based on somewhat uncertain recollection.

Under these circumstances, it was incumbent upon the trial judge to ascertain with some degree of certainty whether the witness would indeed invoke his Fifth Amendment privilege. Failing this, the trial court abused its discretion by denying defense counsel's motion based on the information he had at that time.

The judgment of the Superior Court is affirmed.

HUTCHINSON, J., concurred in the result.

McDERMOTT, J., filed a dissenting opinion.

McDERMOTT, Justice, dissenting.

The majority believes that because there was oscillatory recollection as to the degree of certainty of a prospective witness stating his intention to assert his 5th Amendment right against self-incrimination, the trial court should have granted the writ of habeas corpus ad testificandum. A review of the record discloses that the prospective witness would have indeed invoked his right against self-incrimination.

The sole reason for attempting to call Mr. Camioni as the prospective defense witness would have been to impeach the testimony of Mr. Jaindl by showing that the latter had purchased drugs from Mr. Camioni in the past, thereby

inferentially transferring criminal culpability from appellee to Mr. Camioni. In order to accomplish this, Mr. Camioni would have had to admit selling drugs to Mr. Jaindl or plead his 5th Amendment right. If Mr. Camioni chose the former, which is highly unlikely, his testimony would have been inculpatory. Under these circumstances, to have required the trial judge to allow appellee to call Mr. Camioni just to have him invoke his 5th Amendment right would have been futile.

Moreover, the majority fails to consider that appellee was aware of Mr. Camioni's whereabouts well before trial, but strategically waited until the end of trial to attempt to call him as as a witness.

A motion to procure a witness is within the sound discretion of the trial court. *Commonwealth v. Sullivan*, 484 Pa. 130, 398 A.2d 978 (1979). Furthermore, a request by a defendant to secure a witness will be deemed untimely when he is aware of the witness' whereabouts prior to trial but does nothing. *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976). Appellee's motion was a proper subject for a pretrial motion. Hence, the trial court acted within its discretion in refusing to entertain this belated motion.

Accordingly, I dissent from the majority's decision.